UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA**

v.                                                          Criminal No. 4:13cr96-2

**MICHAEL HOPSON,**

　　　　Defendant.

## MEMORANDUM ORDER

This matter is before the Court on Defendant Michael Hopson's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] ECF No. 593. The Government filed a brief opposing the motion, ECF No. 606, and Defendant filed a reply, ECF No. 608.[2] For the following reasons, Defendant's motion is **DENIED**.

### I. BACKGROUND

For the better part of a decade, Defendant "was involved in a racketeering conspiracy as the leader of the Black P-Stones street gang." ECF No. 438 ¶ 10. On November 6, 2007, a co-defendant shot and killed a victim, E.S., after Defendant gave the "'green light' . . . for the killing." Id. ¶ 23.

---

[1] Defendant also makes passing reference to 18 U.S.C. § 3582(c)(2), but does not explain how this provision might entitle him to any relief.

[2] Defendant later submitted a "Citation of New Additional Authority," to which he attached a "sworn affidavit submitted by his cousin" in support of his personal character. ECF No. 609, at 1-2; ECF No. 609-2.

In October 2014, a grand jury returned a second superseding indictment charging Defendant with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count Two); Conspiracy to Commit Murder in Aid of Racketeering and Attempted Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Counts Six and Seven); Discharging a Firearm During and in Relation to, and in Furtherance of, a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count Eight); and Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count Eighteen). ECF No. 161.

The jury convicted Defendant of Counts One, Two, Six, Seven, and Eighteen. ECF No. 375. Another judge of this Court then sentenced Defendant to terms of life imprisonment on Counts 1 and 2, 120 months of imprisonment on Counts 6 and 7, and 60 months of imprisonment on Count 18, all to be served concurrently. See ECF No. 453. Defendant appealed, "challenging the sufficiency of the Government's evidence," but the Fourth Circuit affirmed Defendant's convictions. United States v. Hopson, 754 F. App'x 153, 154 (4th Cir. 2018), cert. denied, 586 U.S. 1237 (2019).

Defendant's subsequent motion pursuant to 28 U.S.C. § 2255, which asserted ineffective assistance of trial, sentencing, and appellate counsel, was also denied. ECF No. 495. Defendant's attempts to appeal the denial of his § 2255 motion were unavailing.

ECF No. 538 (denying certificate of appealability and dismissing appeal); ECF No. 543 (denying petition for rehearing en banc).

After Defendant filed the instant motion for compassionate release, ECF No. 593, it was transferred to the undersigned, ECF No. 596. The motion is now ripe for adjudication.

## II. LEGAL STANDARD

A sentencing court generally lacks the authority to "modify a term of imprisonment once it has been imposed." United States v. Davis, 99 F.4th 647, 653 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)). The compassionate release statute is a limited exception to this default position. A court may reduce the defendant's term of imprisonment "if it finds that (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission' and (3) that the [18 U.S.C.] § 3553(a) factors weigh in favor of granting relief, 'to the extent that they are applicable.'" United States v. Burleigh, 145 F.4th 541, 547 (4th Cir. 2025) (quoting 18 U.S.C. § 3582(c)(1)).

The statute itself "does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release." Id. (citation omitted). Instead, the statute refers to "policy statements issued by the Sentencing Commission." Id. (quoting 18 U.S.C. § 3582(c)(1)). In 2023, the

3

Sentencing Commission issued an amended policy statement setting forth a list of circumstances which may individually or in combination constitute extraordinary and compelling reasons for a sentence reduction. Id. at 548 n.5; U.S.S.G. § 1B1.13. The policy statement provides, in relevant part, as follows:

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)** . . .
>
> (b) Extraordinary and Compelling Reasons.-- Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
>     (1) <u>Medical Circumstances of the Defendant</u> . . .
>
>     (2) <u>Age of the Defendant</u> . . .
>
>     (3) <u>Family Circumstances of the Defendant</u> . . .
>
>     (4) <u>Victim of Abuse</u> [while in custody] . . .
>
>     (5) <u>Other Reasons</u>.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
>     (6) <u>Unusually Long Sentence</u>.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b). The policy statement further provides that rehabilitation while in prison "is not, by itself, an extraordinary and compelling reason." Id. § 1B1.13(d). However, rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id.

"To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis." United States v. Centeno-Morales, 90 F.4th 274, 279 (4th Cir. 2024). First, a defendant seeking compassionate release bears the "burden of showing extraordinary and compelling reasons to warrant a sentence reduction." Id.; Burleigh, 145 F.4th at 550. Only if a defendant meets this burden must a court then consider the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) to determine how much of a reduction (if any) is appropriate. United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022) ("[E]ven if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors.").

### III. ANALYSIS

Defendant advances three primary arguments. First, Defendant claims that his sentence of life imprisonment is "unusually long," invoking U.S.S.G. § 1B1.13(b)(6). ECF No. 593, at 17-22. Second,

Defendant contends that he suffers from an "unwarranted sentencing disparity," id. at 23-25, apparently invoking U.S.S.G. § 1B1.13(b)(5). Third, and finally, Defendant seeks relief based on his rehabilitation. Id. at 26-27. These arguments do not, independently or in combination, demonstrate "extraordinary and compelling reasons" that warrant a sentence reduction. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b).

First, the Sentencing Commission has instructed that an "unusually long sentence" may constitute an extraordinary and compelling circumstance warranting compassionate release if a defendant demonstrates that an intervening "change in the law . . . would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6); see United States v. Scott, No. 2:14cr178, 2025 WL 2051153, at *2 (E.D. Va. July 22, 2025) (citation omitted). But Defendant has made no such showing. As the Government notes, ECF No. 606, at 7, 9, Defendant's conviction on Count Two, Murder in Aid of Racketeering, previously carried, and still carries today, a mandatory minimum sentence of life imprisonment.[3] See 18 U.S.C. § 1959(a)(1); United States v.

---

[3] Defendant focuses, see ECF No. 593, at 18-22, on the life sentence imposed on Count Two. But he fails to identify any qualifying change in law governing the sentence imposed on this — or any other — count of conviction. His general reference to "the evolving sentencing landscape and shifting norms regarding life sentences," ECF No. 608, at 3, is of little import given the mandatory minimum life sentence that would still apply today.

6

Under Seal, 819 F.3d 715, 720 (4th Cir. 2016) ("Under the plain language of § 1959(a)(1), Congress has authorized two penalties — and only two penalties — for the crime of murder in aid of racketeering: 'death or life imprisonment.'").

Rather than identifying any relevant change in the law, Defendant attacks the validity of his conviction itself. But even if any of Defendant's arguments in this vein had merit, contra Hopson, 754 F. App'x at 156 (affirming the district court's criminal judgment in this case), they must be rejected, for "a defendant cannot challenge the validity of a conviction or sentence in a compassionate release motion." Davis, 99 F.4th at 656 (citation omitted). Defendant's first argument, which plainly fails to satisfy the criteria set forth in U.S.S.G. § 1B1.13(b)(6), does not justify relief.

Defendant's second argument, which appears to rely on the "Other Reasons" provision found at U.S.S.G. § 1B1.13(b)(5), is also unavailing. Defendant asserts an unwarranted disparity between his own life sentence and "the decades-long but not life sentences received by his co-defendants." ECF No. 608, at 5. While the Fourth Circuit has recently held that an unwarranted sentencing disparity of this kind "may be considered extraordinary and compelling" for compassionate-release purposes, United States v. Johnson, 143 F.4th 212, 216 (4th Cir. 2025), Defendant's own challenge along such lines is without merit.

7

Though Defendant's life sentence exceeds his co-defendants' sentences, the sentencing judge searchingly considered and explained that fact at Defendant's sentencing hearing. ECF No. 452, at 16-20. As the sentencing judge noted, id., it was Defendant who led the criminal enterprise at issue in this case. See ECF No. 438 ¶¶ 10, 19-23, 25-30 (explaining that Defendant "approved and directed" the enterprise's criminal activities). The record thus contradicts Defendant's argument that his sentence "was not sufficiently justified at sentencing." ECF No. 608, at 4-5; see ECF No. 452, at 16-25 (detailing factors that support Defendant's sentence). Accordingly, the Court perceives no unwarranted disparity, nor any "other circumstance . . . similar in gravity to those described" by the Sentencing Commission as extraordinary and compelling. U.S.S.G. § 1B1.13(b)(5).

Finally, Defendant highlights his rehabilitation, including "educational accomplishments," "drug treatment," and "a clean disciplinary record." ECF No. 608, at 6, 9. These efforts are commendable. However, such rehabilitation does not alone present an extraordinary and compelling reason warranting compassionate release. U.S.S.G. § 1B1.13(d). Here, even "considered in combination with other circumstances," id., Defendant's rehabilitation does not close the gap between the reasons he offers and the extraordinary and compelling reasons the policy statement identifies. Id. § 1B1.13(b)(1)-(6).

8

## V. CONCLUSION

For the reasons explained above, Defendant's motion for compassionate release is **DENIED**. ECF No. 593. The Clerk is **REQUESTED** to forward a copy of this Memorandum Order to Defendant and to counsel for the Government.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 29, 2026